UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

JAMISON LEADER,

                                  Plaintiff,                **AMENDED COMPLAINT**

            -against-                           14-CV-6153 (JG) (RER)

                                                        JURY TRIAL DEMANDED

THE CITY OF NEW YORK, POLICE OFFICER
ROBERT CRIMMINS, Tax ID 949852, Individually
and in his Official Capacity, P.O. MARCHELO
QUAGLIATA, Shield No. 10644, Individually and in
his Official Capacity, P.O. WILLIAMS PALMER,
Shield No. 10753, Individually and in his Official
Capacity, and P.O. JOSEPH NARANJO, Shield No.
24

                                  Defendants.
-----------------------------------------------------------------

Plaintiff, JAMISON LEADER, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, JAMISON LEADER, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendants were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

### THE MARCH 25, 2014 INCIDENT

13. On or about March 25, 2014 at approximately 3:30 p.m., plaintiff JAMISON LEADER, was lawfully present near the intersection of Huguenot and Woodrow Rd, in Richmond County in the State of New York.

14. At that time and place, plaintiff was operating a motor vehicle in conjunction with a job he had been hired to do as a plumber.

15. Without cause or provocation, the defendant officers ordered plaintiff to pull over and he complied.

16. Plaintiff presented the officers with valid identification and a restricted license which permitted him to operate a motor vehicle for work purposes.

17. At no time on March 25, 2014 did plaintiff commit any crime or violation of law.

18. At no time on March 25, 2014 did defendants possess probable cause to arrest plaintiff.

19. At no time on March 25, 2014 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

20. Nevertheless, plaintiff was ordered out of his vehicle, he complied, and the defendant officers handcuffed his arms tightly behind his back.

21. In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Richmond County District Attorney's Office.

22. As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately twenty-four hours in custody.

23. Despite defendants' actions, the charges against plaintiff were dismissed in their entirety, on motion of the District Attorney, on April 28, 2014.

24. As a result of the foregoing, plaintiff JAMISON LEADER sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

**THE JUNE 18, 2014 INCIDENT**

25. On or about June 18, 2014 at approximately 5:00 p.m., plaintiff JAMISON LEADER, was lawfully present in his vehicle on Arden Avenue in Richmond County in the State of New York.

26. At that time and place, plaintiff was operating a motor vehicle on his way home from work.

27. Without cause or provocation, the defendant officers ordered plaintiff to pull over and he complied.

28. Plaintiff presented the officers with valid identification and a restricted license which permitted him to operate a motor vehicle for work purposes.

29. At no time on June 18, 2014 did plaintiff commit any crime or violation of law.

30. At no time on June 18, 2014 did defendants possess probable cause to arrest plaintiff.

31. At no time on June 18, 2014 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

32. Nevertheless, plaintiff was ordered out of his vehicle, he complied, and the defendant officers handcuffed his arms tightly behind his back.

33. In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Richmond County District Attorney's Office.

34. As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately twenty-four hours in custody.

35. Despite defendants' actions, plaintiff was released with no charges pending against him when the Richmond County District Attorney declined to prosecute charges against him.

36. As a result of the foregoing, plaintiff JAMISON LEADER sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

37. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

38. All of the aforementioned acts deprived plaintiff, JAMISON LEADER, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

<u>**FIRST CLAIM FOR RELIEF FOR<br>FALSE ARREST UNDER 42 U.S.C. § 1983<br>FOR THE MARCH 25, 2014 AND JUNE 18, 2014 INCIDENTS**</u>

42. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above

with the same force and effect as if fully set forth herein and at length.

43. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

44. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### SECOND CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983 FOR THE MARCH 25, 2014 INCIDENT

45. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

46. Defendants misrepresented and falsified evidence before the Richmond County District Attorney.

47. Defendants did not make a complete and full statement of facts to the District Attorney.

48. Defendants withheld exculpatory evidence from the District Attorney.

49. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, JAMISON LEADER.

50. Defendants lacked probable cause to initiate criminal proceedings against plaintiff, JAMISON LEADER.

51. Defendants acted with malice in initiating criminal proceedings against plaintiff, JAMISON LEADER.

52. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, JAMISON LEADER.

53. Defendants lacked probable cause to continue criminal proceedings against plaintiff, JAMISON LEADER.

54. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

55. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor when the charges against him, were dismissed.

56. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## THIRD CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983
## FOR THE MARCH 25, 2014 AND JUNE 18, 2014 INCIDENTS

57. Plaintiff, JAMISON LEADER, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

58. Defendants arrested and incarcerated plaintiff, JAMISON LEADER, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, and safety and violate his constitutional rights.

59. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

60. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

61. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv. failing to properly train police officers in the requirements of the United States Constitution.

62. The aforementioned customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct.

63. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, JAMISON LEADER.

64. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

66. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully.

67. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

68. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

69. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly her Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## PENDANT STATE CLAIMS

70. Plaintiff, JAMISON LEADER, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

71. On or about May 15, 2014, and within (90) days after the claims associated with the March 25, 2014 incident accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law §50(e).

72. On or about July 25, 2014, and within (90) days after the claims associated with the June 18, 2014 incident accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law §50(e).

73. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of

such claims as aforesaid.

74. Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law § 50-h on July 8, 2014 regarding the March 25, 2014 incident.

75. Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law § 50-h on October 7, 2014 regarding the June 18, 2014 incident.

76. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

77. Plaintiff has complied with all conditions precedent to maintaining the instant action.

78. This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

### FOURTH CLAIM FOR RELIEF
### FOR ASSAULT AND BATTERY UNDER NEW YORK LAW
### FOR THE FOR THE MARCH 25, 2014 AND JUNE 18, 2014 INCIDENTS

79. Plaintiff, JAMISON LEADER, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

80. At the aforesaid place and time, the individually named defendants did cause plaintiff, JAMISON LEADER, to be unlawfully assaulted and battered, without cause or provocation.

81. The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendants, THE CITY OF NEW YORK.

82. As a result of the aforesaid assault and battery, plaintiff, JAMISON LEADER, was injured, both physically and mentally.

### FIFTH CLAIM FOR RELIEF
### FOR FALSE ARREST AND IMPRISONMENT UNDER NEW YORK LAW
### FOR THE MARCH 25, 2014 AND JUNE 18, 2014 INCIDENTS

83. Plaintiff, JAMISON LEADER, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

84. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege or consent.

85. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

86. As a result of the foregoing plaintiff, JAMISON LEADER, was caused to sustain physical and emotional injuries.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
March 11, 2015

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By:  MATTHEW SHROYER (MS-6041)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

Docket No.14-CV-6153 (JG)(RER)
UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK

JAMISON LEADER,                                              Plaintiff,

    -against-

CITY OF NEW YORK AND NEW YORK CITY POLICE OFFICER "JOHN DOE" 1-4, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, THE NAMES "JOHN DOE" BEING FICTITIOUS AS THE TRUE NAMES ARE NOT PRESENTLY KNOWN,
                                                             Defendants.

## AMENDED SUMMONS AND COMPLAINT

### LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
*Attorneys for Plaintiff*
**80 Maiden Lane, 12th Floor**
**New York, New York 10038**
**(212) 962-1020**

TO:   City of New York
      c/o New York City Law Dept
      100 Church Street
      New York, New York 10007
      Attn: Matthew W. McQueen, Esq.

      P.O. Robert Crimmins, Tax ID#949852
      c/o FDNY Headquarters
      9 Metrotech Center
      Brooklyn, New York 11201

      P. O. Marchelo Quagliata, Shield No. 10644
      c/o New York City Police Dept-123rd Precinct
      116 Main Street
      Tottenville, New York 10307

      P.O. Williams Palmer, Shield No. 10753
      c/o New York City Police Dept-123rd Precinct
      116 Main Street
      Tottenville, New York 10307

      P. O. Joseph Naranjo, Shield No. 24
      c/o New York City Police Dept-123rd Precinct
      116 Main Street
      Tottenville, New York 10307

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

                                                        _____
                                                        Matthew Shroyer